### ESTATE OF JEANNETTE HELD, DECEASED.
[No. 3,025; decided June 30, 1884.]

**Special Administrator—Person Entitled to Letters.—**In making the appointment of a special administrator, the court must give preference to the person entitled to letters testamentary or of administration, unless he is shown incompetent for the position. The court has no discretion.

**Special Administrator—Want of Integrity and Improvidence.—**The evidence in this case is held insufficient to establish improvidence or want of integrity on the part of the applicant for special letters of administration.

On June 9, 1884, John E. Hammersmith filed his petition for special letters upon the estate of the above-named decedent. He alleged that she died in San Francisco, a resident thereof and leaving estate therein, on December 9, 1883; that she left a last will and testament dated July 2, 1883, wherein he, petitioner, was named as executor; that he was a son of decedent; that on December 19, 1883, he filed the will together with a petition for its probate and for his appointment as executor thereof, but that the probate of such will was being contested and a special administrator was necessary. Petitioner based his application on sections 1411, 1412 and 1413, Code of Civil Procedure, and the petition contained the further usual averments.

This application was opposed by Amelia Haxe, a daughter of deceased, who asked that special letters be issued to the public administrator.

It was asserted that the applicant claimed certain property to be his own, which was alleged to be a part of the estate

of the decedent, and that he claimed interests adverse to said estate; also that he had without right or authority assumed to take charge of the estate of decedent since her death, and had improvidently managed the same; as to the claim of the applicant to certain property alleged to belong to the estate, it was shown that shortly before her death the decedent had executed a deed to him of certain real estate, under which he asserted title in his own right, which deed was claimed to be void on various grounds; and the invalidity of this deed was set up as a circumstance to prove the lack of integrity of the applicant; as to his improvidence, it was claimed that while he had assumed control of the estate, he had permitted certain premises belonging to it to remain idle for some time, and that this was "improvidence" within the meaning of the code; the applicant had also expended $1,000 of the moneys of the estate as a retainer to his attorneys, on the contest of the will, and it was claimed that he had no right to pay attorneys' fees out of the estate until he should be appointed executor, and that this was also "improvidence."

Thos. I. Bergin, for John E. Hammersmith, applicant.

Geo. Flournoy, for Mrs. Amelia Haxe, opposed.

Thos. V. O'Brien, for Gustave Held, absent heir.

Thos. F. Barry, for Haxe minors.

H. E. Highton, for Russ minors.

COFFEY, J. Applicant is the son of decedent and named in the will offered for probate as executor. He is of legal age and prima facie competent and eligible under the statute: Code Civ. Proc., sec. 1413.

It is suggested that he is not a proper person to take letters by reason of lack of integrity and also "improvidence" (Code Civ. Proc., sec. 1369, subd. 4); but this is not established; it is "not proven"; and, in view of that, the court has no discretion to deny this application.

Granted.

---

In Appointing a Special Administrator, the court must give preference to the person entitled to letters testamentary or of admin-

istration (Cal. Code Civ. Proc. 1413; Ariz. Rev. Stats. 1689; Ida. Rev. Stats. 5392; Mont. Code Civ. Proc. 2502; Nev. Comp. Laws, 2857; Okl. Rev. Stats. 1573; S. D. Pro. Code, 121; Utah Rev. Stats. 3823; Wyo. Rev. Stats. 4641); but no appeal lies from the order of appointment: Estate of Carpenter, 73 Cal. 202, 14 Pac. 677; Estate of Ohm, 82 Cal. 160, 22 Pac. 927.

The Courts have no Authority to Add to the Disqualifications of Administrators which have been prescribed by the legislature, nor to decline to issue letters to one who possesses the statutory right to them: Estate of Muersing, 103 Cal. 585, 37 Pac. 520; Estate of Brundage, 141 Cal. 538, 75 Pac. 175; Estate of Carmody, 88 Cal. 616, 26 Pac. 373. As to what improvidence or lack of integrity will disqualify a person to act as administrator, see Estate of Carmody, 88 Cal. 616, 26 Pac. 373; Estate of Newman, 124 Cal. 688, 57 Pac. 686, 45 L. R. A. 780; Root v. Davis, 10 Mont. 228, 25 Pac. 105; Estate of Courtney, 31 Mont. 625, 79 Pac. 317.